|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| ROBIN THEIS and TAYLOR THEIS,<br><br>Plaintiffs,<br><br>v.<br><br>YUBA COUNTY SHERIFF'S DEPARTMENT dba YUBA COUNTY ANIMAL CARE SERVICES; DENEEN BARNHILL in her official and individual capacities; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:18-cv-03278-KJM-KJN<br><br><br>ORDER |

This case arises from the euthanization of a beloved cat, named Pizza, brought to Yuba County Animal Control Services. Plaintiffs Robin Theis and Taylor Theis bring federal and state law claims against defendants Yuba County Sheriff's Department, doing business as Yuba County Animal Care Services, and Deneen Barnhill, alleging defendants engaged in a pattern of blatant disregard for California law pertaining to the care and treatment of animals impounded in animal shelters. *See generally* First Am. Compl. ("FAC"), ECF No. 8. Defendants move to dismiss plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 10; Mem., ECF No. 10-1. Plaintiffs have opposed, ECF No. 13, and defendants have replied, ECF No. 16. The court held a hearing on the matter on March 8, 2019, at which

Maria Minney appeared for plaintiffs and Derek Haynes appeared for defendants. As explained below, the court GRANTS defendants' motion with leave to amend.

I. BACKGROUND

    A. Factual Background

Plaintiffs allege their cat, named Pizza, was unlawfully euthanized at a Yuba County Animal Care Services shelter in Olivehurst, California, on or about February 9, 2018. FAC ¶¶ 1, 4. Defendant Yuba County Sheriff's Department owns and operates the shelter. *Id.* ¶ 2. Defendant Barnhill was the shelter's Supervising Animal Care Services Officer. *Id.* ¶ 3.

Plaintiffs allege Pizza went missing on or about February 9, 2018. *Id.* ¶ 12. Later that day, plaintiffs learned the cat had been found by a neighbor and brought to the Yuba County animal shelter. *Id.* ¶ 13. Plaintiffs attempted to contact the shelter, but it had already closed for the evening. *Id.* ¶ 14. Plaintiffs further allege when they arrived at the shelter around 9:30 a.m. the following morning, February 10, 2018, they learned the shelter had euthanized Pizza as early as 5:00 p.m. the night before. *Id.* ¶ 15. Finally, plaintiffs allege Barnhill informed them Pizza had been injured, presumably by a car, yet the neighbor who brought the cat to the shelter without knowing it was plaintiffs' described Pizza as appearing healthy. *Id.* ¶ 17–18. Plaintiffs also claim surveillance video from the shelter confirms Pizza was not injured or in distress prior to euthanization, as does a necropsy report. *Id.* ¶¶ 18–19. Therefore, plaintiffs allege Barnhill knew her statements were false when she made them. *Id.* ¶ 18.

Plaintiffs contend Pizza's euthanization falls within an ongoing pattern and practice of abuse and failure to follow state and federal law at the Yuba County animal shelter. *Id.* at 2. Plaintiffs seek general and punitive damages for Pizza's death and a writ of mandate requiring defendants to cease their continuing violations of state laws pertaining to the care and treatment of impounded animals. *Id.* at 10–11.

    B. Procedural History

Plaintiffs filed their original complaint in Yuba County Superior Court on October 1, 2018. Notice of Removal ("NOR"), ECF No. 1 at 2. Defendants removed the case to federal court, asserting federal question jurisdiction under 28 U.S.C. § 1331 because plaintiffs brought a

claim for relief under 42 U.S.C. § 1983.  NOR at 2.  Defendants then moved to dismiss the complaint on January 4, 2019.  ECF No. 6.  While defendants' motion was pending, on January 25, 2019, plaintiffs filed the operative First Amended Complaint.  ECF No. 8.  In the First Amended Complaint, plaintiffs assert four claims against defendants: (1) failure to perform mandatory duties in violation of California Government Code section 815.6, (2) petition for a writ of mandate under California Code of Civil Procedure section 1085, (3) violation of plaintiffs' Fourteenth Amendment substantive and due process rights under 42 U.S.C. § 1983, and (4) negligence under California common law.  FAC ¶¶ 22–45.

On February 8, 2019, defendants filed the pending motion to dismiss.  ECF No. 10.  Plaintiffs filed their opposition on February 22, 2019, ECF No. 13, and defendants replied on March 1, 2019, ECF No. 16.

II.     REQUESTS FOR JUDICIAL NOTICE

Concurrent with the instant motion, both parties seek judicial notice.  Defendants request the court take judicial notice of a Yuba County Superior Court ruling in *O'Hagan v. Yuba County Sheriff's Department*, Case No. CV 17-0000923, granting defendants' demurrer to plaintiffs' fourth amended complaint in that case.  Defs.' Req. for Judicial Notice ("DRJN"), ECF No. 16-1; DRJN Ex. A, ECF No. 16-1.  Plaintiffs request the court take judicial notice of the following: (1) California Senate Bill 1785, enacted in a statutory scheme referred to as the Hayden Act; (2) the Statement of Decision from the California Commission on Public Mandates, adopted January 25, 2001; and (3) an article written and posted online by UCLA Professor Taimie Bryant, one of the key drafters of the Hayden Act.  Pls.' Req. for Judicial Notice ("PRJN"), ECF No. 13-1; PRJN Exs. A–C, ECF No. 13-1.  The entirety of defendants' request, and plaintiffs' request as to Senate Bill 1785 and the Statement of Decision from the California Commission on Public Mandates, are unopposed.  Defendants object, however, to plaintiffs' request for judicial notice of the article by Professor Bryant.  Obj. to PRJN, ECF No. 16-2.

The court may judicially notice a fact not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

Evid. 201(b). Judicial notice is proper for public records whose accuracy is not in dispute. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies." (internal quotation marks omitted)); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted). Additionally, courts may take judicial notice of state statutes and their legislative history. *See Anderson*, 673 F.3d at 1094 n.1 ("Legislative history is properly a subject of judicial notice."). Therefore, the court GRANTS defendants' request and GRANTS plaintiffs' request as to Senate Bill 1785 and the Statement of Decision from the California Commission on Public Mandates.

Regarding the article for which plaintiffs seek judicial notice, courts generally take judicial notice of articles to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. All. Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). Plaintiffs appear to seek judicial notice of the truth of the facts stated in Professor Bryant's article, namely her opinions about the purpose of the Hayden Act. The court DENIES plaintiffs' request as to Professor Bryant's article. *See Castaneda v. Saxon Mortg. Servs. Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009) (denying request for judicial notice of unpublished article "which expresse[d] opinions of the author that may reasonably be questioned"); *Ekdahl v. Ayers*, No. C 07–3642 SBA (PR), 2008 WL 4344314, at *3 (N.D. Cal. Sept. 22, 2008) (denying request for judicial notice of two articles containing opinions regarding policy).

III. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

IV. <u>DISCUSSION</u>

Defendants move to dismiss plaintiffs' First Amended Complaint, asserting plaintiffs' claims fail as a matter of law, plaintiffs have not alleged facts sufficient to support their

5

claims, and the defendants are entitled to discretionary and qualified immunities. *See* Mem. at 1–2, ECF No. 10-1. The court first analyzes the federal claim and then turns to the state law claims.

A. Section 1983 Claim

Plaintiffs' only federal claim arises under 42 U.S.C. § 1983 and alleges defendants violated plaintiffs' Fourteenth Amendment substantive and procedural due process rights by euthanizing their cat prior to the expiration of California's statutorily mandated hold period. FAC ¶¶ 33–38. Defendants argue plaintiffs have not pleaded facts sufficient to show Barnhill engaged in unlawful conduct or to establish a substantive or procedural due process violation. Mem. at 12–14. Defendants also argue Barnhill is entitled to qualified immunity. *Id*. at 14–15.

Plaintiffs do not respond to defendants' arguments; instead they request leave to amend with respect to their § 1983 claim. Opp'n, ECF No. 13, at 8. Plaintiffs have thus conceded this claim is inadequately pleaded. *See, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding plaintiff who did not address issues raised in defendant's motion to dismiss "effectively abandoned his claim, and cannot raise it on appeal"); *Nastic v. County of San Joaquin*, No. 2:11-CV-02521-JAM-GGH, 2012 WL 1980944, at *4 (E.D. Cal. June 1, 2012) (dismissing plaintiffs' § 1983 claim when they did not respond to defendants' arguments in their opposition and instead requested leave to amend the cause of action).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

The court should deny a request for leave to amend only if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (court should grant leave to amend

when additional factual allegations could cure complaint's defects). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

Plaintiffs request leave to file a second amended complaint alleging separate causes of action for individual and municipal liability under § 1983, adding a second individual defendant, and alleging defendants violated plaintiffs' Fourth Amendment rights as well as their Fourteenth Amendment rights. Opp'n at 8; Minney Decl. Ex. 1 ¶¶ 39–48, ECF No. 13-2. In their reply, defendants argue the court should not grant plaintiffs leave to amend without "good cause" for further amendment because plaintiffs have already amended their complaint once. Reply, ECF No. 16, at 8. Defendants further argue plaintiffs have not explained what facts they could allege to support this claim, and therefore, the request is futile and made in bad faith. Reply at 8.

To state a claim under § 1983, a plaintiff must allege defendants, acting under color of state law, caused a constitutional violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 442 U.S. 137, 144 n.3 (1979)). The defendants here act under color of state law because they are a public entity and public employees. FAC ¶¶ 2–3. Further, the Ninth Circuit has recognized a property interest in pet animals and held the killing of an animal can constitute a seizure under the Fourth Amendment. *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994) ("A dog is an 'effect' or 'property' which can be seized."), *as amended on denial of reh'g and reh'g en banc* (Nov. 23, 1994), *and overruled on other grounds by Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002); *see also San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 977 (9th Cir. 2005) ("[T]he killing of a person's dog constitutes an unconstitutional destruction of property absent a sufficiently compelling interest." (citing *Fuller*, 36 F.3d at 68)). While the Ninth Circuit does not appear to

have addressed whether the property interest in animals is protected under the Fourteenth Amendment as well as the Fourth, if defendants' alleged conduct meets the substantive due process "shock the conscience standard," some district courts in the Circuit have at least entertained this type of claim. *See, e.g., Young v. Cty. of Hawaii*, 947 F. Supp. 2d 1087, 1103 (D. Haw. 2013) (granting summary judgment for defendants on Fourteenth Amendment substantive due process claim, having allowed it to proceed to dispositive motion stage of proceedings), *aff'd*, 578 F. App'x 728 (9th Cir. 2014). The court, therefore, cannot say it appears beyond doubt that granting leave to amend would be futile. Accordingly, the court dismisses plaintiffs' § 1983 claim and grants plaintiffs leave to file a second amended complaint.

The court notes, however, this order neither approves plaintiffs' proposed second amended complaint, Minney Decl. Ex. 1, ECF No. 13-2, nor comments on the sufficiency of its factual allegations. The court cautions that if plaintiffs elect to file a second amended complaint following the issuance of this order, they must comply with federal pleading requirements. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining whether a plaintiff has discharged this obligation, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must suffice to push the claims "across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

B. State Law Claims

Plaintiffs bring their first, second and fourth claims under state law. *See generally* FAC. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if [it] has dismissed all claims over which it has original jurisdiction." "[I]n the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, because plaintiffs have conceded their only federal claim, and no basis exists for diversity jurisdiction over the parties under 28 U.S.C. § 1332, the court at present declines to exercise supplemental jurisdiction over plaintiffs' state law claims. *See generally Luis v. County of San Diego*, No. 3:17-cv-01486-CAB-(JMA), 2017 WL 5446085, at *8 (S.D. Cal. Nov. 14, 2017) ("[H]aving dismissed [plaintiff's § 1983] claims, and in consideration of the early stage of these proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claims."); *Banayan v. OneWest Bank F.S.B.,* No. 11cv0092-LAB (WVG), 2012 WL 896206, at *2 (S.D. Cal. Mar. 14, 2012) ("There is no alleged basis for diversity jurisdiction in this case, and the Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain."). The court reviews the claims below, however, in determining whether they may be included in any amended complaint or whether leave to amend would be futile.

1. <u>Discretionary Immunity</u>

Defendants argue Barnhill is immune from liability in the face of plaintiffs' state law claims under California Government Code section 820.2, and consequently, the County is also immune under California Government Code section 815.2. Mem. at 4–5; Reply at 2–4. Section 820.2 generally shields a California public employee, and thereby his or her employer, *see* Cal. Gov't Code § 815.2(b), from liability when the act or omission for which a plaintiff seeks recovery resulted from "the exercise of the discretion vested" in the employee, *id.* § 820.2. "The immunity applies even to 'lousy' decisions in which the worker abuses his or her discretion . . . ." *Christina C. v. County of Orange*, 220 Cal. App. 4th 1371, 1381 (2013). Although broad, this discretionary immunity only applies to truly discretionary functions involving "policy decisions, in which a conscious balancing of risks and advantages" took place, rather than "lower-level, or ministerial, decisions that merely implement a basic policy already formulated." *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995) (internal quotation marks, alterations, and citations

omitted). For immunity to be triggered, defendants must have actually "render[ed] a considered decision," and must show "the employee, in deciding to perform (or not to perform) the act which led to plaintiff's injury, *consciously exercised discretion* in the sense of assuming certain risks in order to gain other policy objectives." *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 794 (1985) (emphasis in original); *cf. Walsh v. Tehachapi Unified Sch. Dist.*, 827 F. Supp. 2d 1107, 1122 (E.D. Cal. 2011) (denying immunity when record showed no such deliberation).

Here, defendants argue California Government Code section 820.2 immunizes Barnhill, and therefore the County, because plaintiffs base their claims on the allegation that Barnhill violated California Food & Agricultural Code section 31752's statutory hold period, and section 31752 requires a discretionary act to trigger this hold period. Mem. at 4–5. Specifically, defendants assert Barnhill had to make a preliminary discretionary decision regarding whether plaintiffs' cat was "irremediably suffering" under California Food & Agricultural Code section 17006, which provides that "[a]nimals that are irremediably suffering from a serious illness or severe injury shall not be held for owner redemption or adoption." *Id.* at 5.

Nevertheless, the court cannot conclude leave to amend would be futile. "[T]o be entitled to immunity" under section 820.2, the California Supreme Court has concluded public entities bear the burden of "showing that [a discretionary] decision, consciously balancing risks and advantages, took place. The fact that an employee normally engages in 'discretionary activity' is irrelevant if, in a given case, the employee did not render a considered decision." *Johnson v. State*, 69 Cal. 2d 782, 794 n.8 (1968); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 640 (9th Cir. 2012) (explaining government defendants bear burden "to demonstrate that they are entitled to § 820.2 immunity for a specific policy decision made by an employee who consciously balanced the decision's risks and benefits") (citing *Johnson*, 69 Cal. 2d at 794 n.8). In their First Amended Complaint, plaintiffs allege Pizza did not appear distressed or injured to the neighbor who brought the cat to the shelter or in video taken inside the shelter, and that a necropsy revealed no injuries. FAC ¶¶ 17–19. Plaintiffs also make the vague and conclusory allegation that Barnhill's supervisors ordered her to euthanize animals, including plaintiffs' cat, "without meeting the necessary criteria . . . such as determining the animal is

10

irremediably suffering." *Id.* ¶ 20. Given these allegations, which cast doubt on whether Barnhill made the required showing of "balancing the risks and advantages," it does not appear futile to grant plaintiffs leave to file a second amended complaint. *Johnson*, 69 Cal. 2d at 794 n.8.

### 2. Failure to Perform Mandatory Duties

Plaintiffs first claim for relief alleges defendants violated California Government Code section 815.6 by failing to perform mandatory duties under California law. FAC ¶¶ 24–25. Section 815.6 establishes liability for breach of a mandatory duty and provides:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6. Courts apply a three-pronged test in determining whether there is a prima facie basis for liability under section 815.6: (1) the enactment at issue must impose a mandatory duty on the public entity, meaning the enactment is "*obligatory*, rather than merely discretionary or permissive, in its directions to the public entity"; (2) "the mandatory duty [must] be 'designed' to protect against the particular kind of injury the plaintiff suffered"; and (3) the public entity's breach of the mandatory duty must have been a proximate cause of the plaintiff's injury. *Guzman v. County of Monterey*, 46 Cal. 4th 887, 898 (2009) (internal quotation marks omitted) (emphasis in original).

Although plaintiffs do not clearly allege which statute imposes a mandatory duty on defendants for purposes of their section 815.6 claim, to the extent they rely on California Food & Agricultural Code section 31752, granting leave to amend does not appear futile. The court notes a cursory search reveals only one California appellate court decision and one federal district court decision citing section 31752, and neither court addressed the issue of whether that statute imposes mandatory duties on public entities. *See Jacobs v. Winkleblack*, No. 17-cv-06790-NC, 2018 WL 827960, at *4 (N.D. Cal. Feb. 12, 2018); *People v. Youngblood*, 91 Cal. App. 4th 66, 69 (2001). Considering the absence of case law regarding this issue and plaintiffs' allegations that

11

defendants' violation of their mandatory duties caused plaintiffs' injury, the court concludes plaintiffs should be given leave to amend their California Government Code section 815.6 claim.

### 3. Petition for Writ of Mandate

Plaintiffs' second cause of action seeks the issuance of a writ of mandate under California Code of Civil Procedure section 1085 compelling defendants to comply with state laws pertaining to the proper care and treatment of impounded animals, including the statutory hold period. FAC ¶¶ 27–32. A number of courts have held section 1085 does not apply to federal courts. *See, e.g.*, *Hill v. County of Sacramento*, 466 F. App'x 577, 579 (9th Cir. 2012) ("The district court also correctly rejected [plaintiff's] claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 . . . . [Section] 1085 authorizes only state courts to issue writs of mandate."); *S.F. Apartment Ass'n v. City & County of San Francisco*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015) ("[Section] 1085 is a 'procedural mechanism,' not a substantive claim. Moreover, it does not apply in federal court." (internal citation omitted)); c*f. Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 n.6 (N.D. Cal. 2006) (the "claim for a writ of mandate is a state law claim. Although the asserted bases for issuance of such writ are the [defendant's] alleged violations of both federal and state law, the claim remains a state law claim" over which the court refused to exercise supplemental jurisdiction). It would be futile to grant plaintiffs leave to amend their claim seeking a petition for writ of mandate under section 1085.

### 4. Negligence

Plaintiffs' fourth claim for relief alleges common law negligence by all defendants. FAC ¶¶ 39–45. Although California Government Code section 815 precludes common law liability for public entities, including counties (i.e., all government liability must be based on statute), California Government Code section 815.2 provides a public entity may be held vicariously liable for an injury resulting from an act or omission by its employees within the scope of their employment. Further, the court has already concluded leave to amend would not be futile as to the issues of discretionary immunity under California Government Code section 820.2 and mandatory duties potentially imposed by California Food & Agricultural Code

1 section 31752. Therefore, granting leave to amend also will not be futile as to plaintiffs'
2 negligence claim.

       C.      <u>Punitive Damages</u>

Defendants seek to strike plaintiffs' request for punitive damages on the grounds plaintiffs cannot obtain punitive damages against Barnhill in her individual capacity or against the County. Mem. at 15–16. Plaintiffs concede punitive damages are not available against public entities but maintain they are available against public employees. Opp'n at 8.

Under Federal Rule of Civil Procedure 12(f), a district court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A Rule 12(f) motion may also be used to 'strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law.'" *Miles v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 08cv1195 JLS (LSP), 2009 WL 4795826, at *6 (S.D. Cal. Dec. 8, 2009) (quoting *Bureerong v. Uvewas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996)).

Punitive damages may be assessed in an action "under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Dang v. Cross,* 422 F.3d 800, 807 (9th Cir. 2005) (internal quotation marks omitted) (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983)). Here, however, the court need not reach defendants' assertion that plaintiffs cannot obtain punitive damages for the alleged § 1983 violations because plaintiffs have conceded their § 1983 claim, as described above. Similarly, because the court elects not to exercise jurisdiction over plaintiffs' state law claims, it need not address defendants' assertion that plaintiffs cannot obtain punitive damages under California law. Accordingly, the court DENIES AS MOOT defendants' motion to strike plaintiffs' punitive damages claim. Should plaintiffs renew their request for punitive damages in any amended complaint, defendants may renew their motion to strike.

/////

/////

/////

## V. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) Plaintiffs' third cause of action for violations of their Fourteenth Amendment substantive and procedural due process rights under 42 U.S.C. § 1983 is DISMISSED with leave to amend;

(2) Plaintiffs' state law claims in their first, second, and fourth causes of action are DISMISSED with leave to amend to the extent consistent with this order;

(3) Defendants' motions to strike plaintiffs' punitive damages claim under Federal Rule of Civil Procedure 12(f) and for a more definite statement under Federal Rule of Civil Procedure 12(e) are DENIED; and

(4) If plaintiffs choose to file a second amended complaint, they must do so within twenty-one (21) days of the date this order is filed.

IT IS SO ORDERED.

DATED: July 9, 2019.

_____
UNITED STATES DISTRICT JUDGE