```
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN THEIS and TAYLOR THEIS, | No. 2:18-cv-03278-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| YUBA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Defendants move to dismiss plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 25. Plaintiffs opposed, Opp'n, ECF No. 28, and defendants have replied. Reply, ECF No. 30. The court submitted the motion for decision on the papers, and having reviewed the papers and the applicable law, now GRANTS in part and DENIES in part defendants' motion.

I.     BACKGROUND

This case concerns the euthanization of plaintiffs' beloved cat, Pizza, at the Yuba County animal shelter. The court reviewed the factual background of the case in its order on an earlier motion to dismiss and incorporates that description of the facts by reference. *See* Prior Order, ECF No. 22 at 2.

/////

In its prior order the court dismissed plaintiffs' first amended complaint with leave to amend. Prior Order. Plaintiffs filed an amended complaint on July 31, 2019. Second Am. Compl. ("SAC"), ECF No. 23. In their SAC, plaintiffs added as a defendant Shaun Smith, the Support Services Division Captain at the animal shelter run by the Yuba County Sheriff's Department; Mr. Smith was allegedly the supervisor of defendant Deneen Barnhill. SAC ¶ 4. Plaintiffs also now allege several other instances in which agents of the Yuba County animal shelter, including Smith and Barnhill, summarily euthanized animals or refused to provide them veterinary care. *Id.* ¶¶ 22–26.

## II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the

complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.  DISCUSSION

The court addresses only the arguments essential to the resolution of the pending motion. Plaintiffs assert mandatory duty and negligence claims arising under state law. *See* SAC ¶¶ 28–33, 45–52. The court resolves the motion by addressing the federal claims alone, as discussed more fully below. Plaintiffs claim defendants violated California Food & Agriculture Code section 31752(b)(1) by euthanizing Pizza within approximately 24 hours of Pizza's retrieval by Yuba County animal control officers. That provision of law reads : "Except as provided in Sections 17006 and 31752.5 and paragraph (2), stray cats shall be held for owner redemption during the first three days of the holding period, not including the day of impoundment, and shall be available for owner redemption or adoption for the remainder of the holding period." Section 17006 provides, in relevant part, "Animals that are irremediably suffering from a serious illness or severe injury shall not be held for owner redemption or adoption." Cal. Food & Agric. Code § 17006.

    a.  *Monell* Claim

To state a claim for municipal liability under § 1983, plaintiffs must show the local government had a policy or custom that amounted to deliberate indifference to plaintiffs' constitutional rights, and the policy or custom was a moving force behind the constitutional

1    violation of which plaintiffs complain.  *Cairns v. County of El Dorado*, 694 F. App'x 534, 536

2    (9th Cir. 2017) (citation omitted).  Defendants argue the Second Amended Complaint fails to

3    plead facts establishing that Yuba County Sheriff's Department had a specific custom or policy

4    "so persistent and widespread that it constitutes a permanent and well settled policy."  Mot. at 8

5    (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

6            A policy or custom must be a "deliberate choice to follow a course of action . . .

7    made from among various alternatives by the official or officials responsible for establishing final

8    policy with respect to the subject matter in question."  *Pembaur v. City of Cincinnati*, 475 U.S.

9    469, 483 (1986) (plurality opinion).  "[A] local governmental entity may be liable if it has a

10   policy of inaction and such inaction amounts to a failure to protect constitutional rights."  *Lee v.*

11   *City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (citation, internal quotation marks

12   omitted).  "Liability for improper custom may not be predicated on isolated or sporadic incidents;

13   it must be founded on practices of sufficient duration, frequency and consistency that the conduct

14   has become a traditional method of carrying out policy."  *Trevino*, 99 F.3d at 918.  *Monell* does

15   not turn § 1983 into "a federal good government act" for municipalities.  *City of Canton, Ohio v.*

16   *Harris*, 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part).

17           Plaintiffs' Second Amended Complaint only identifies the alleged policy once, as

18   one "of euthanizing animals prior to the statutorily-mandated hold[.]"  SAC ¶ 37.

19   As noted, plaintiffs expressly reference California Food & Agriculture Code section 31752

20   elsewhere in the complaint.  Plaintiffs added general allegations to their Second Amended

21   Complaint about incidents in which (1) a cat was nearly euthanized despite a treatable abscess, *id.*

22   ¶ 22; (2) a dog was picked up by Yuba County animal control officers and "euthanized at the

23   shelter shortly afterwards," despite not being irremediably suffering, *id.* ¶ 23; (3) a dog named

24   Tank became defensive while being inspected by a veterinarian while being adopted and was

25   summarily euthanized as aggressive, *id.*  ¶ 24; and (4) a dog named Boogie was euthanized

26   "within a few days" of being brought to the shelter despite being in good health and friendly, *id.*

27   ¶ 25.  Only the first instance, in which a cat would have been euthanized prior to the expiration of

28   the statutory hold period but for the intervention of a volunteer, could have been motivated by the

4

purported policy or custom here. Although the balance of the allegations may suggest a cavalier attitude toward the euthanasia of animals at the Yuba County Sheriff's Department, the allegations do not support the existence of a policy or custom of euthanizing animals before the statutorily mandated hold period runs. Even taking these allegations as true, as required under Rule 12(b)(6), they do not make out a case that premature euthanasia, the specific custom identified, "has become a traditional method of carrying out policy." *Trevino*, *supra*.

Accordingly, plaintiffs' *Monell* claim is dismissed. Courts may deny leave to amend where "any amendment would be futile." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Because plaintiffs have already included additional factual allegations in an amended complaint, in an effort to support their *Monell* claim after the court's prior order, and those factual allegations are insufficient to state a claim, the court concludes further leave to amend this claim would be futile.

    b.   <u>Section 1983 Claim Against Barnhill and Smith</u>

Defendants assert Barnhill and Smith are entitled to qualified immunity from the individual § 1983 claims against them. Qualified immunity is extended to state officials unless (1) the official violated plaintiff's constitutional or federal statutory right, and (2) the right was clearly established at the time of the alleged violation. *C.V. by and through Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016). District courts have discretion in deciding which prong to address first. *Id.; see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Given the record here, the court first addresses whether the rights allegedly violated were clearly established.[1] Qualified immunity is intended to "give[] government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *City & Cty. of San Francisco v.*

---

[1] While the court addresses the second prong first, mindful of the Supreme Court's admonition that "[c]ourts should think carefully before expending scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), the court exercises its discretion in doing so and will continue to do so on a case by case basis. Here, plaintiffs spend little time arguing how a violation of the Hayden Act has a constitutional dimension, and it is not for the court to do their work for them.

5

1  *Sheehan*, 135 S. Ct. 1765, 1774 (2015) (citation omitted).  If the law was clear enough that every
2  reasonable official in Barnhill and Smith's shoes would have understood their specific conduct
3  was unlawful, the right violated is clearly established and qualified immunity does not apply.  *See*
4  *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015).  Although there need not be a case directly on
5  point, a right is only clearly established if existing precedent "ha[s] placed the statutory or
6  constitutional question beyond debate."  *al-Kidd*, 563 U.S. at 741.  Although courts have
7  regularly called on plaintiffs to "identify a case where an officer acting under similar
8  circumstances . . . was held to have violated the [right at issue]," *Sharp v. County of Orange*, 871
9  F.3d 901, 911 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)),
10 plaintiffs here assert the Hayden Act,[2] not case law, put Barnhill and Smith on notice of a clearly
11 established right.

12         Plaintiffs' argument fails for two reasons.  Section 1983, by its terms, allows for
13 the protection of "rights, privileges, or immunities secured by the Constitution and laws," in other
14 words, federal rights.  42 U.S.C. § 1983; s*ee also Kidder v. County of Los Angeles*, No. CV 14-
15 06218-SVW-E, 2015 WL 13439812, at *5 n.3 (C.D. Cal. Mar. 9, 2015) (violations of California
16 Constitution not actionable under § 1983).  On its face, it not clear how the Hayden Act, a
17 California statute, could serve as the source of a federal right.  Plaintiffs identify no further
18 caselaw providing that the Hayden Act protects a federal substantive right, and suggest
19 incorrectly they need not. Opp'n at 10.  Nor is there caselaw for the proposition that the pre-
20 euthanasia process established under the Hayden Act is required by federal procedural due
21 process.  In sum, nothing suggests the Hayden Act, standing alone, put defendants on notice that a
22 violation constitutes the violation of a federal right.

23         Second, as discussed above, the duty imposed by California Food & Agricultural
24 Code section 31752 allows an exception for animals that are "irremediably suffering," set forth in
25 Food & Agricultural Code section 17006.  Plaintiffs claim Pizza did not meet this exception and
26 thus the duty to hold him was not excused.  Despite plaintiffs' oblique reference to a case they say

---

[2] The section of California Food & Agricultural Code § 31752 at issue here was enacted in the Act known as the Hayden Act, S.B. 1785, 1997–98 Reg. Sess. (Cal. 1998).

6

establishes a more granular standard of irremediable suffering, plaintiffs have not provided that case, nor is the court able to locate such a case.³ Therefore, even if defendants were mistaken in deeming Pizza to be "irremediably suffering," they would not have been on notice that such determination was violative of clearly established law.

Because the purported constitutional violation pled here did not violate clearly established law, the court need not reach a conclusion about whether a violation actually occurred.  Accordingly, defendants Barnhill and Smith are entitled to qualified immunity, and the court will dismiss plaintiffs' third claim with prejudice.

      c. Remand

Although defendants originally removed from state court based on federal question jurisdiction, the court's dismissal of the federal claims extinguishes that jurisdiction.  Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  However, as another court in this district has noted, in this situation "the district court should not mechanically remand the lawsuit pursuant to 28 U.S.C. § 1447(c)" and should instead determine "'whether the state-law claims should be resolved in federal court' pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367."  *Null v. Leprino Foods Co.*, No. 1:19-cv-00525-AWI-BAM, 2020 WL 359213, at *2 (E.D. Cal. Jan. 22, 2020) (quoting *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010)). The reason for this is that jurisdiction is analyzed based on the pleadings at the time of removal; mechanically applying the mandatory standard of § 1447(b) would allow plaintiffs to compel remand by amending a complaint to remove the federal question on which removal was based. *Id.* (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)).

/////

---

³ "The question of what constitutes irremediable suffering has been determined by at least one California court to be 'an animal with a medical condition who has a poor or grave prognosis for being able to live without severe, unremitting pain despite necessary veterinary care.'" Opp'n at 6 (citing Ex. A to Pls.' SAC).  The court has already declined to judicially notice Exhibit A to plaintiffs' Second Amended Complaint before, *see* Prior Order at 4, and in any event the exhibit does not provide a case citation for this proposition.

Title 28 U.S.C. § 1367(c) provides two particularly salient grounds for the court to exercise its discretion to remand here: 28 U.S.C. § 1367(c)(1) provides remand is warranted where "the claim raises a novel or complex issue of State law," and § 1367(c)(3) weighs in favor of remand where "the district court has dismissed all claims over which it has original jurisdiction[.]"

Both circumstances are present here. Plaintiffs' mandatory duty claim presents a novel question of statutory interpretation, in which California courts surely have the greatest interest. In addition, the court's dismissal of the claims over which it has original jurisdiction leaves only the state claims, as noted above.

### IV.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED as to plaintiffs' Second and Third Causes of Action for municipal liability and individual liability under § 1983, respectively. Defendants' motion to dismiss is DENIED without prejudice as to plaintiffs' First and Fourth Causes of Action, for breach of mandatory duty and negligence, respectively. The state law claims remain live for the state court to address. The case is hereby REMANDED to Yuba County Superior Court for further proceedings consistent with this order. The Clerk of Court is directed to close the case. This order resolves ECF No. 25.

IT IS SO ORDERED.

DATED: September 10, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE